# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cerant Odlin,<br>Petitioner,<br>v.<br>Eric Rokosky, et al.,<br>Respondents. | No. CV-26-07463-PHX-KML<br>**ORDER** |

Petitioner Cerant Odlin has filed a petition for a writ of habeas corpus challenging his immigration detention on three grounds. (Doc. 1.) Odlin, a citizen of Haiti who was taken into custody in Maryland in August 2026, has received a bond hearing at which the immigration judge ("IJ") detained him bond as a flight risk. (Doc. 1 at 4, 7.) Because Odlin has not met his burden of showing he is entitled to a writ of habeas corpus, his petition is denied. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In . . . federal habeas proceedings, it is the petitioner who bears the burden of proving his case.").

Starting with Odlin's second claim challenging the conditions of confinement at the Eloy Detention Center (Doc. 1 at 10), it is not cognizable in a habeas proceeding like this one. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on the circumstances of confinement may be presented in a [civil rights] action.") (citation omitted); *see also Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions . . . are instructed

to summarily dismiss claims that are clearly not cognizable."). It is therefore dismissed.

Odlin's remaining claims are cognizable in habeas but are denied. A bond hearing would be the appropriate remedy for the constitutional violations Odlin alleges. *See Padilla v. United States Immigr. & Customs Enf't*, 192 F.4th 894, 917 (9th Cir. 2026) (describing the "long history" of substantive due process limitations on the government's ability to detain people, including "the widespread availability of bail" and "judicial review of the legality of confinement"). Odlin received such a hearing (Doc. 1 at 7) and makes no arguments related to deficiencies at it. This court's review would be curtailed in any event. *See Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (in the context of a dangerousness determination, federal courts "cannot reweigh evidence," "can only determine whether the [immigration court] applied the correct legal standard," and in the absence of "red flags" will "take [immigration courts] at [their] word."). Odlin's claims therefore fail.

Respondents invoke Odlin's failure to administratively exhaust by appealing the bond denial as an additional reason for denying the petition. (Doc. 8 at 1-2.) Odlin admits he did not appeal. (Doc. 1 at 7, 14.) The court declines to excuse exhaustion and that provides a final, independent reason for dismissing the petition. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (when a petitioner has not appealed an IJ's bond decision to the BIA, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused."); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).

**IT IS ORDERED** the petition for writ of habeas corpus (Doc. 1) is denied and dismissed. Any remaining pending motions are denied as moot. The clerk of court shall enter judgment in respondents' favor and close this case.

Dated this 20th day of November, 2026.

Honorable Krissa M. Lanham
United States District Judge